UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TERRY SIMMONS,

                Petitioner,

    -against-

DONALD UHLER, Superintendent,

                Respondent.
-------------------------------------------------------x

**MEMORANDUM & ORDER**

14 CV 5110 (RJD)

DEARIE, District Judge.

Before the Court is the application of petitioner Terry Simmons for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted, on his plea of guilty following denial of his motion to suppress physical evidence, of one count of criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03) and sentenced in September 2011 as a second felony offender and in accordance with his plea agreement, to a sentence of five years' incarceration plus a five-year term of post-release supervision.[1] Petitioner was the front-seat passenger in a vehicle that swerved into oncoming traffic, just missing a police car; he was found in possession of a loaded .25 caliber semi-automatic pistol when police stopped that vehicle. The state appellate court unanimously affirmed the conviction, People v. Simmons, 107 A.D.3d 1020 (2d Dep't 2013), and the New York Court of Appeals denied leave to appeal. People v. Simmons, 21 N.Y.3d 1045 (Aug. 28, 2013).

The petition lists two grounds for relief: (1) the state failed to establish probable cause to stop the vehicle, and the seized weapon should therefore have been suppressed, because the

---

[1] New York's online inmate locator indicates that petitioner was paroled in 2017.

hearing testimony of the arresting officer was not credible, ECF No 1. at 6-7; and (2) petitioner's case should be remanded to state court "in the interests of justice" for the purpose of granting a "violent felony override" that was discussed at the time of his plea but not raised at sentencing, where he was represented by new counsel. Id. at 8-9.

For the reasons to be discussed, the application is denied and the petition is dismissed.

## RELEVANT BACKGROUND

A.   The Suppression Hearing

Crediting the exhaustively cross-examined testimony of Suffolk County Police Officer Michael Bogliole, the suppression hearing court found that, on August 5, 2010, at approximately 11:15 p.m., a maroon Ford Taurus, heading westbound on Beach Lane in Gordon Heights, Suffolk County, swerved into oncoming traffic just avoiding a marked police vehicle occupied by Officer Bogliole.[2] The court found that Officer Bogliole "had a reasonable basis upon which to stop the vehicle in which [petitioner] was a passenger based upon the erratic operation of the vehicle and its swerving into the oncoming lane," ECF No. 9-3 (Hearing Decision dated September 3, 2011) at 30, and that "the police certainly had a reasonable basis to make inquiry of [petitioner] himself" based on the observations of his "furtive behavior" and "his disregard of the officer's instructions" to stop moving and show his hands. Id.  Additionally, the court found that "there were articulable facts, including [petitioner's] locking of the vehicle door and his furtive motions in attempting to hide something under the seat" that "established reasonable suspicion that [petitioner] was involved in criminal acts or posed some danger to the officer." Id.

---

[2] The hearing was held on July 20, 2011, in Suffolk County Supreme Court. See ECF No. 9-4 at pp. 29-43 (direct), pp. 43-84 (cross-examination) and pp. 84-86 (redirect).

2

Finally, the court found that petitioner's "subsequent act of throwing something" as he exited the car "justified his temporary detention" and that Officer Bogliole's "observation of the [ ] handle of the gun, in plain view on the floor of the vehicle, gave the officer probable cause to arrest" petitioner. Id. The court concluded that "the stop" of the vehicle in which petitioner was a passenger "was proper," and that the arrest of petitioner "was based upon probable cause." Id. The court later denied petitioner's motion to reargue. ECF No. 9-3 at 41 (Decision dated May 10, 2011).

The Appellate Division, when affirming petitioner's conviction, held that, "contrary to [petitioner's] contention, the hearing court properly denied [petitioner's motion] to suppress physical evidence," concluding that "[t]he People established that the police lawfully approached the vehicle in which [petitioner] was a passenger, and asked the driver of the vehicle for his license and registration, after the vehicle swerved into the testifying police officer's lane of traffic, almost striking his vehicle." Simmons, 107 A.D.3d at 1021. The court further held that, "[c]ontrary to [petitioner's] contention, the police officer's testimony was not incredible or otherwise unworthy of belief." Id.

B.  The "Violent Felony Override"

At the commencement of petitioner's plea proceeding, counsel stated to the court that he had "explained to [petitioner] that… as part of this disposition…I would request from Your Honor a Violent Felony Override at the time of sentencing." ECF No. 9-4 at pp. 92-93 (Transcript of Plea Proceeding, September 13, 2011). After petitioner allocuted factually, the court advised him that it was in possession of second-felony-offender notice pursuant to CPL §400.21 detailing petitioner's prior conviction for attempted sale of a controlled substance in the third degree for which he was sentenced to 4 ½ years, and counsel stated, "We will agree to that

conviction." Id. at 97.  Finally, at the close of the plea proceeding, the court reiterated that, "If after reviewing Probation reports I'm unable to sentence [petitioner] to a term of … five years…, he shall be afforded the opportunity to withdraw the plea" and that "[i]t is my understanding [that] at the time of sentencing counsel will make an application for a Violent Felony Override, and I will consider that application at the time of sentencing." Id. at 98.

At sentencing, where petitioner was represented by different counsel, neither he, nor petitioner, nor the court mentioned the subject of a "violent felony override."  In the short proceeding, counsel stated that "we rely on the prior disposition" and "my client will be sentenced to a five-year determinate term"; the prosecutor confirmed that petitioner "was promised a sentence of five years determinate…as a prior felony offender;" and defendant declined to make a statement when asked.  ECF 9-4 at 102-103 (Transcript of Sentencing, December 12, 2011).

On his direct appeal, petitioner advanced the same request he raises now for a "remand" for the granting of the application for the "violent felony override" mentioned at his plea.  ECF No. 9-2 at 13 (Petitioner's Appellate Brief at 7).  His appellate brief asserts that "the procedure for a violent felony override is set for at 7 N.Y.C.R.R. § 1900.4(2)(1)(iii)" and that the "criteria set forth" in the application have been satisfied by his plea allocution.  Id.  The phrase "violent felony override," however, does not appear in the cited regulation, which is titled "Procedures for Temporary Release" and delineates how inmates convicted of certain felonies may apply for temporary release.  7 N.Y.C.R.R. § 1900.4.  The Appellate Division, without using the phrase violent felony override, addressed petitioner's request for it as follows: "with respect to [petitioner's] request for a document pursuant to 7 NYCRR [§] 1900.4(c)(1)(iii) rendering him eligible for temporary release, we note that [he] may seek such relief in the County Court."

Simmons, 107 A.D.3d at 1021.³  The state court record does not disclose whether petitioner ever sought such relief.

## DISCUSSION

"28 U.S.C. § 2254 allows a court to entertain a habeas petition 'only on the ground that [an individual] is in custody in violation of the Constitution or laws or treaties of the United States.'"  Garner v. Lee, 908 F.3d 845, 860 (2d Cir. 2018) (quoting, 28 U.S.C. § 2254(a)).  But not *all* alleged violations of the Constitution are cognizable: it is long-established law that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Stone v. Powell, 428 U.S. 465, 494 (1976).  Petitioner's claim that Officer Bogliole did not have probable cause to stop the vehicle in which he was a passenger or to arrest him, and that the weapon inside

---

³ Although not addressed in respondent's brief, or cited in the Appellate Division's decision, the Court's research has revealed a decision from Kings County Supreme Court elaborating upon the concept of a "violent felony override" under New York law.  See People v. Cumberbatch, 24 Misc.3d 412 (King. Co. 2009).  There, in response to the defendant's request for a "violent felony override," the state's position was that "there is no such document" and the court stated that it "regrets that the defendant was apparently misinformed as to the existence of such a thing as a 'Violent Felony Override' and directed to pursue it."  Id. at 414.  The court "interpreted" the request for a "violent felony override" as "seeking the issuance of a document referenced in 7 NYCRR 1900.4."  Id.  For the appropriate defendant, the statement would aver that, despite statutory classification as a violent or repeat felon, the particular crime to which the defendant pled did not involve the use of a deadly weapon or the infliction of serious injury and would thereby render him eligible for certain temporary release programs.  Id.  In the Cumberbatch court's words, "hence, the …override."  Id. at 413.  See also People v. Lynch, 121 A.D.3d 717, 718 (2d Dep't 2014) ("One source of confusion that may arise from the use of the term 'violent felony override' is that the term may imply that the document itself qualifies the inmate for eligibility for temporary release.  It does not.  It is for [the Department of Corrections and Community Supervision], and not the court or the district attorney, to determine whether conviction under a particular section and subdivision disqualifies an inmate from eligibility.")

the car was improperly seized, are Fourth Amendment claims and are therefore not reviewable by this federal habeas Court.

The rare exception to the rule of Stone v. Powell is inapplicable here. Post-Stone, a prisoner may seek review of a Fourth Amendment claim only when the state provides "no corrective procedures at all" to redress Fourth Amendment claims, or when the procedures exist but the prisoner was "precluded from using [them] because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992) (internal citation and quotation omitted). The corrective procedures provided by New York law to redress Fourth Amendment violations, N.Y. C.P.L. §§ 710.20 et seq., have been recognized as facially adequate in this context, Walker v. Walker, 259 F.Supp.2d 221, 225 (E.D.N.Y. 2003), and petitioner made full use of them when he raised his Fourth Amendment claim in a pre-trial motion on which a hearing was held.

Finally, even if petitioner's Fourth Amendment claim were reviewable, it would not provide a basis for habeas relief. The claim was fully adjudicated in state court. Therefore, under the habeas statute as amended by the Antiterrorism and Death Penalty Act of 1996 ("AEDPA"), the claim cannot be the basis of relief "unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The statute further provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and that a habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id., (e)(1).

6

Here, the state court court's application of federal law is not at issue, as petitioner's challenge, limited to an attack on the testifying officer's credibility, is entirely factual. Plenary factual analysis under Section 2254(d)(2) and (e)(1),[4] including the question of how those arguably different standards interact, is not necessary here because (i) credibility of a witness in a state court proceeding is generally beyond the scope of a federal habeas court's review, see Schlup v. Delo, 513 U.S. 298, 330 (1995), and (ii) petitioner's credibility challenge, highlighting such details as the officer's inability to estimate the width of Beach Lane or to recall whether vehicles were parked on the street at the time of the incident, is frivolous. See ECF 9-2 at 9 (Petitioner's Appellate Brief at 4).

Petitioner's narrow sentencing-based claim—a request that for a "remand" to state court for a "violent felony override"—likewise does not present a basis for habeas relief. It is doubtful this request qualifies as a live claim or controversy because the Appellate Division ruled favorably on the request and because petitioner was released in 2017. In any event, a "claim" seeking action by state officials pursuant to a state regulatory provision, see note 3 supra, does not present a federal constitutional question cognizable on habeas. 28 U.S.C. § 2254(a) (habeas corpus available only when a prisoner is "in custody in violation of the Constitution or law or treaties *of the United States*") (emphasis added); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law").

---

[4] See Burt v. Titlow, 571 U.S. 12, 18 (2013) ("We have not defined the precise relationship between § 2254(d)(2) and § 2254(e)(1) and we need not do so here....For present purposes, it is enough to reiterate that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance") (internal quotation and citation omitted).

## CONCLUSION

For all the foregoing reasons, the application of petitioner Terry Simmons for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied in its entirety. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue.

SO ORDERED.

Dated:  Brooklyn, New York
        July 30, 2021

                                                  ____s/_____
                                                  RAYMOND J. DEARIE
                                                  United States District Judge